**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ALAN RICHARD HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-482 (MTT)** |
| | ) | |
| **TYRONE OLIVER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Plaintiff Alan Richard Hall asserts this 42 U.S.C. § 1983 action against Defendant Tyrone Oliver arising from Hall's confinement in the Tier III program of the Special Management Unit ("SMU") at the Georgia Diagnostic and Classification State Prison. ECF 1. Oliver has moved to dismiss. ECF 6. For the reasons that follow, Oliver's motion to dismiss (ECF 6) is **GRANTED**.

## I. BACKGROUND

Hall alleges that on April 28, 2021, he was placed in the SMU's Tier III program without advance notice, a disciplinary report, or charges against him. ECF 1 ¶¶ 6-7. Hall remained segregated in the Tier III program for three years[1] "without any proper periodic review, appeal, or procedural safeguards." *Id.* ¶ 8.

---

[1] Hall's complaint alleges he was in the SMU for fifteen months. ECF 1 ¶ 8. However, he was placed in the SMU in April 2021, and was transferred in August 2024, which is approximately 40 months. ECF 1 ¶ 6; 6-3 at 2.

In June 2023, while still in the Tier III program, Hall filed suit in the Middle District of Georgia, alleging that various Georgia Department of Corrections ("GDC") officials violated the due process clause and the Eighth Amendment by placing him in the Tier III program without a hearing or formal charges. ECF 6-5. Hall's complaint was dismissed with prejudice because Hall's claims were precluded by the settlement agreement and injunction in *Gumm v. Jacobs*, No. 5:15-cv-41-MTT-CHW, 2019 WL 2017497 (M.D. Ga May 7, 2019). ECF 1-1 at 10. As discussed in more detail below, the *Gumm* settlement agreement and the Court's injunction enforcing the settlement expired on May 22, 2025, after the GDC implemented significant reforms of the conditions of confinement in the SMU.[2] *Gumm*, No.15-cv-41-MTT-CHW (M.D. Ga. May 22, 2025), ECF 721; 725.

According to the GDC movement history records, Hall was transferred out of the SMU in August 2024. ECF 6-3 at 2. The Glynn County Sheriff's Office's inmate population report indicates that Hall was placed in Glynn County custody on May 16, 2025, with the following notation: "Held for federal authorities." ECF 6-4 at 3. Hall is currently awaiting trial on pending criminal charges in the Southern District of Georgia. *See United States v. Hall*, No. 6:24-cr-09-JRH-CLR (S.D. Ga. July 10, 2024).

Hall filed this complaint on November 11, 2025. ECF 1. In his complaint, Hall asserts two claims: (1) procedural due process violation; and (2) cruel and unusual punishment under the Eighth Amendment. ECF 1 ¶¶ 10-15. Hall seeks only a declaratory judgment, injunctive relief, and attorney's fees. *Id.* at 7.

[2] To determine whether it has subject matter jurisdiction, the Court takes judicial notice of the *Gumm* proceedings and of the proceedings in Hall's pending criminal case in the Southern District of Georgia, *United States v. Hall*, No. 6:24-cr-09-JRH-CLR (S.D. Ga. July 10, 2024). *See United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.").

Oliver moved to dismiss on January 9, 2026. ECF 6. On January 20, 2026, Hall filed his response brief. ECF 7. Upon review, the Court noticed inaccuracies in Hall's brief, which prompted the Court to order Hall's counsel to file a signed statement disclosing whether he prepared the response brief with the assistance of artificial intelligence ("AI"). ECF 10. The Court also ordered Hall's counsel to explain the circumstances surrounding the following citation: "*Harris v. Owens*, 264 F.3d 1282, 1286 (11th Cir. 2001) (procedural protections required for segregation decisions)." ECF 10 (quoting ECF 7 at 8).

In response, Hall's counsel disclosed that he does not use AI to write briefs, but that he uses it for research purposes. ECF 11 at 2. However, Hall's counsel certified that "he actually then read[s]" the cases supplied to him by AI. *Id.* (emphasis in original). Regarding the response brief in this case, Hall's counsel stated it was written by "a Virginia licensed lawyer who helped with cases and was in charge of managing the firm's case load." *Id.* at 1. Hall's counsel represented that he was unable to get in touch with the Virginia lawyer and, thus, could not fully explain the circumstances surrounding the citation. Hall's counsel further stated:

> I looked at the case as cited in the Response brief on page 8 … and note the following. First, the case appears to be a Tenth Circuit Court of Appeals Case … . The Tenth Circuit does not appear to address procedural protections regarding segregation decisions. … Because I cannot get in touch with counsel, I am not sure if this was a mistake or whether AI generated the Harris case with the wrong citation or exactly why the Harris case was used.

*Id.* at 2.

Hall's counsel requested an extension until Monday, July 20, 2026, to contact the attorney who drafted the brief and file a supplemental response further explaining the circumstances. *Id.* at 2. The Court granted his request. ECF 12. The deadline passed

without response. Thus, on July 29, 2026, the Court ordered Hall to show cause by August 5, 2026, why he and his client should not be sanctioned for failure to comply with the Court's orders. ECF 13. Hall's counsel has again failed to respond to the Court's order. The Court will address the conduct of Hall's counsel at a later date. As explained below, Hall's complaint is subject to dismissal for lack of subject matter jurisdiction.

## II. STANDARD

Oliver moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF 6-1 at 3. However, he argues that Hall's claims are moot, which is a jurisdictional issue. *U.S. v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) ("[M]ootness is jurisdictional."). Thus, the Court construes Oliver's motion as a Rule 12(b)(1) motion to dismiss. Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss claims for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, "the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) generally takes one of two forms—a facial attack or a factual attack. *Garcia v. Copenhaver, Bell & Assocs. M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel.  v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). A factual attack, however, "challenges the existence of subject matter jurisdiction using

material extrinsic from the pleadings, such as affidavits or testimony." *Id*. at 1233. Both parties cite material outside of the pleadings, so this is a factual attack on the Court's jurisdiction. When assessing a factual attack, a court "needn't accept the plaintiff's facts as true; rather, 'the district court is free to independently weigh facts' and make the necessary findings." *Gardner v. Mutz*, 962 F.3d 1329, 1340 (11th Cir. 2020) (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)). Therefore, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[3] *Morrison,* 323 F.3d at 925 (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)).

## III. DISCUSSION

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Mingkid v. U.S. Atty. Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001)). "[A]n action that is moot cannot be characterized as an active case or controversy." Al Najjar, 273 F.3d at 1335 (citation modified). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* at 1336

---

[3] The Eleventh Circuit has cautioned that a "district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" *Morrison,* 323 F.3d at 925 (citation modified); *see also Lawrence*, 919 F.2d at 1531 ("[F]ederal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact"); *see Douglas v. United States*, 814 F.3d 1268, 1275 (11th Cir. 2016). Oliver contends Hall's claims are moot because he is no longer incarcerated at the SMU. ECF 6-1 at 3-6. Whether the alleged constitutional violations at the SMU can be reasonably expected to occur in the future has no impact on the merits of his due process or his Eighth Amendment claim, which are based on his 2021-2024 confinement in the SMU.

(quoting *Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Fla. Dep't of Health and Rehabilitation Serv's*, 225 F.3d 1208, 1217 (11th Cir. 2000)).

Requests for declaratory and injunctive relief are mooted by a prisoner's transfer or release from prison. *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam); *McKinnon v. Talladega Cty, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (rejecting plaintiff's argument that claim for declaratory and injunctive relief remained available because plaintiff, who had been transferred from the jail about which he complained, might be returned to the same jail at some future date). However, an exception to the mootness doctrine exists when the challenged actions "are capable of repetition, yet evade review." *Robbins v. Robertson*, 782 F. App'x 794, 799 (11th Cir. 2019); *see also United States v. Sanchez-Gomez*, 584 U.S. 381, 391 (2018) ("A dispute qualifies for this exception only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." (citation modified)). "[A] 'remote possibility that an event might recur is not enough to overcome mootness.'" *Rau v. Moats*, 772 F. App'x 814, 818 (11th Cir. 2019) (quoting *Al-Najjar*, 273 F.3d at 1336).

Hall was removed from GDC custody in August 2024 and has not been subject to solitary confinement at the SMU for two years. ECF 6-3 at 2. Hall argues that this action is not moot under the "capable of repetition yet evading review" exception because Hall is still classified in GDC records as "SMU/High Max." ECF 7 at 3; 7-2 ¶ 5. Thus, according to Hall's wife, "he will be returned to SMU when he is transferred back to GDC custody." ECF 7-2 ¶ 8. However, the record contains nothing to suggest when, or

whether, he will be transferred back to GDC custody. Hall was indicted on criminal charges in the Southern District of Georgia in 2024, and he is awaiting trial with no indication of when trial might occur or whether he will be subject to a federal sentence. *See United States v. Hall*, No. 6:24-cr-09-JRH-CLR (S.D. Ga. July 10, 2024). According to the declaration of Jason Ethridge, a GDC employee, the GDC "has no information indicating whether Mr. Hall ever will be released back to GDC by the federal authorities who took custody of him on August 20, 2024." ECF 6-2 ¶ 5. Thus, Hall has not shown that he can be reasonably expected to return to GDC custody.

Moreover, even assuming Hall will be returned to GDC custody, Hall has offered no evidence creating a reasonable expectation that he will face the same alleged constitutional violations he faced at the SMU two years ago. Hall alleges that, in April 2021, the Defendant violated procedural due process by placing him in the SMU without notice, a hearing, or meaningful review. ECF 1 ¶ 11. During the three years he was held at the SMU, Hall alleges the Defendants violated the Eighth Amendment by confining him in Tier III conditions without justification or review. *Id.* ¶ 14. However, the *Gumm* litigation resulted in significant changes regarding the specific conduct Hall challenges.[4] Thus, Hall has not shown that, under current SMU conditions, the conduct he

---

[4] After the *Gumm* lawsuit was filed in 2015, the GDC agreed that the SMU did not meet minimal conditions of confinement and settled the lawsuit. *Gumm v. Jacobs*, No. 5:15-cv-41-MTT (M.D. Ga. April 23, 2024), ECF 485 at 1. In the settlement agreement, the GDC "contractually agreed to reform the SMU." *Id.* The Court accepted the settlement agreement in May 2019 and entered an injunction that required the GDC to carry out its agreed-upon reforms. *Id.* During the years that followed, including the years Hall was confined at the SMU, the GDC did not comply with the Court's injunction. *Id.* Thus, in April 2024, the Court held the GDC in contempt and appointed an independent monitor to ensure compliance with the Court's injunction. *Id.* at 100. The monitor reviewed the SMU conditions during the following year. ECF 703, 704, 705. On May 22, 2025, nine months after Hall had been transferred to federal custody, the injunction expired. *Gumm*, No. 5:15-cv-41-MTT, ECF 725. To determine whether the GDC complied with the terms of the injunction, the Court held evidentiary hearings on May 14 and May 22, 2025. *Gumm*, No. 5:15-cv-41-MTT, ECF 715; 721. At the hearings, the independent monitor confirmed that the GDC had, among other things, reformed the SMU assignment and periodic review proceedings to comply with the Court's injunction. *See Gumm*, No. 5:15-cv-41-MTT, ECF 736 at 48:2-15, 49:8-53:19, 57:15-25.

challenges can reasonably be expected if he is returned to GDC custody and assigned to the SMU. Thus, Hall's claims based on his past confinement at the SMU are moot. If Hall is returned to the SMU and if he believes the then-existing conditions of confinement fail to pass constitutional muster, he can then seek appropriate relief.

Hall also argues his claims are not moot under the "voluntary cessation" exception to the mootness doctrine. ECF 7 at 3. "A defendant's voluntary cessation of a challenged practice ordinarily does not deprive a federal court of its power to determine the illegality of the practice." *Friends of the Earth, Inc. v. Laidlaw Environmental Serv's, Inc.*, 528 U.S. 167, 169-70 (2000). "The basis for the voluntary-cessation exception is the commonsense concern that a defendant might willfully change its behavior in the hope of avoiding a lawsuit but then, having done so, 'return to [its] old ways.'" *Keohane v. Fla. Dep't of Corr. Sec.*, 952 F.3d 1257, 1267 (11th Cir. 2020) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). Thus, if "a defendant contends that a plaintiff's claim has become moot as a result of the defendant's own independent decision to cease some disputed action, it usually 'bears the … burden of showing that it is absolutely clear the allegedly wrongful behavior could not be reasonably expected to occur.'" *Id.* (quoting *Doe v. Wooten*, 747 F.3d 1317, 1322 (11th Cir. 2014)). Hall does not state whether his voluntary cessation argument rests on his transfer or on changes to conditions at the SMU. But either way, the exception does not apply. Hall was not transferred out of the SMU by order of the GDC; rather, he was transferred because he is awaiting a federal criminal trial. And any changes to the SMU's conditions were based on this Court's injunction issued before Hall's lawsuit, not on the Defendant's independent decision to cease the disputed actions.

Finally, Hall argues that "[e]ven if injunctive relief were limited …, declaratory relief remains available." ECF 7 at 3-4. Hall cites *Steffel v. Thompson*, 415 U.S. 452 (1974) as support. In *Steffel*, the Court held that even if injunctive relief is unavailable, declaratory relief is appropriate for challenges to a state prosecution that has been threatened but has not been initiated. *See Steffel*, 415 at 462-475. The Court did not hold that declaratory judgment actions can continue even when the relief sought is based on past conduct that is not reasonably expected to continue. *See Cambridge Christian School, Inc. v. Fla. High School Athletic Assoc.*, 115 F.4th 1266, 1283 (11th Cir. 2024) ("[A] claim for declaratory relief becomes moot when there is no longer 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (citation modified)); *see also Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (explaining that a declaratory judgment based on past constitutional rights "would be nothing more than a gratuitous comment without any force or effect." (citation modified)). Because there is no case or controversy, Hall's claims for injunctive relief and declaratory judgment are moot.[5]

The Defendant's motion to dismiss is **GRANTED**.

## IV. CONCLUSION

Because Hall's transfer to federal custody moots his claims, Oliver's motion to dismiss (ECF 6) is **GRANTED**.

---

[5] Oliver also argues that Hall is precluded from bringing this action because he asserted the same claims in his previous action, which was dismissed with prejudice on June 6, 2024. ECF 6-1 at 6-12. Because the Court lacks subject matter jurisdiction, it need not reach that argument.

As discussed above, the Court has concerns about Hall's counsel's misrepresentations in his response brief and his failure to respond to the Court's orders. The question of whether Hall's counsel will be sanctioned for his conduct is still pending.

**SO ORDERED**, this 27th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT